OPINION
{¶ 1} Parkhurst Mall Corporation appeals from the judgment entry of the Trumbull County Court of Common Pleas, requiring it to indemnify the city of Warren in the amount of $79,986.48 for monies payable to Richard Boccia Construction, Inc. We affirm.
 {¶ 2} This is a second appeal, following remand: a complete history of the case may be gleaned from our original decision, Parkhurst Mall Corp.v. Taneyhill, 11th Dist. *Page 2 
No. 2006-T-0082, 2007-Ohio-340 ("Parkhurst I"). To summarize: in December 2002, Christopher Taneyhill, interim building official for the city of Warren, issued a demolition order for a plaza owned by Parkhurst as unsafe. Id. at ¶ 2. Parkhurst appealed that decision to the Ohio Board of Building Appeals ("OBBA"), which affirmed. Id. Parkhurst then appealed to the trial court. Id. In the meantime, the city commenced demolition, since Parkhurst had failed to obtain a stay or injunction following the OBBA's decision. Id. at ¶ 3. Eventually, Parkhurst obtained a temporary restraining order on the demolition; and, the parties entered a settlement agreement, whereby Parkhurst promised to complete rehabilitation to the property within a reasonable time frame. Id. The trial court adopted the agreement, which was filed as a judgment entry on or about August 5, 2004. Id.
 {¶ 3} Eventually, the city moved to dissolve the injunction and vacate the settlement, alleging that Parkhurst had failed to rehabilitate the subject property. Parkhurst I at ¶ 5. June 7, 2006, the trial court filed a judgment entry, granting the relief requested by the city, and ordering Parkhurst's attorney to pay the city $79,986.48, to indemnify it for monies owed its demolition contractor, Boccia. Id. at ¶ 6. Parkhurst appealed, assigning ten errors. Id. at ¶ 7-17. Substantially, we affirmed the judgment of the trial court. Id. at ¶ 19-32. However, and relevant for this appeal, we found the trial court should have required Parkhurst itself, not its attorney, to indemnify the city. Id. at ¶ 33-35. Based on this, we held Parkhurst's challenge to the amount of indemnification moot. Id. at ¶ 36. We remanded the matter for further proceedings. Id. at ¶ 38. *Page 3 
 {¶ 4} May 14, 2007, the trial court filed its judgment entry finding Parkhurst liable in indemnity to the city for $78,986.48. Parkhurst timely noticed this appeal, assigning five errors:
 {¶ 5} "[1.] The trial court improperly granted judgment in the absence of testimony or exhibits as to the amount due.
 {¶ 6} "[2.] A trial court errored (sic) in granting judgment as an indemnification in favor of indemnitee against the indemnitor without proof of payment made or otherwise suffered an actual lose (sic) or damage aginst (sic) which the covenant runs.
 {¶ 7} "[3.] The trial court failed to require the introduction of the evidence of the original contract of demolition.
 {¶ 8} "[4.] The trial court decided erronsly (sic) on issue not before it.
 {¶ 9} "[5.] The trial court errored (sic) in not finding at (sic) the contract between the city and the demolition co. cannot change the terms without informing the indemnitor."
 {¶ 10} Under its first assignment of error, Parkhurst alleges error through the failure to introduce the demolition contract between the city and Boccia. It further alleges no evidence was presented to the trial court regarding the amount due Boccia.
 {¶ 11} We do not find a copy of any contract between the city and Boccia in the record. However, we note paragraph seven of the settlement agreement between the parties states as follows: "[t]he parties acknowledge that the [c]ity has entered into a contract with Richard Boccia Construction, Inc. for the demolition of the entire plaza and that the [c]ity will incur liability if said contract is not performed. [Parkhurst] agrees to defend, indemnify and hold harmless the [c]ity of Warren for any and all claims, *Page 4 
demands and actions arising out of said contract * * * [.]" We further note Mr. Taneyhill testified the city owed Boccia $78,986.48. This was sufficient to prove the amount owed. Cf. Haffner's Inc. v. Hartong, 11th Dist. No. 94-P-0092, 1995 Ohio App. LEXIS 2659, at 5.
 {¶ 12} The first assignment of error lacks merit.
 {¶ 13} By its second assignment of error, Parkhurst asserts the city must show it has actually paid Boccia, before Parkhurst's liability in indemnity arises. This is untrue. An indemnitor becomes liable when the liability of the indemnitee arises. Parkhurst I at ¶ 31. Mr. Taneyhill testified that the contract to demolish the subject plaza had not been completed, as required by paragraph seven of the settlement agreement, and that Boccia had billed the city $78,986.48. The city being liable, Parkhurst is liable.
 {¶ 14} The second assignment of error lacks merit.
 {¶ 15} By its third assignment of error, Parkhurst contends that without the contract between the city and Boccia being in the record, and no testimony from the latter being introduced, Parkhurst's liability cannot be determined. This is untrue. By paragraph seven of its settlement agreement with the city, Parkhurst acknowledged the city would be liable to Boccia in contract if the demolition work at the plaza was not completed, and agreed to indemnify the city. Mr. Taneyhill testified regarding both the incompletion of the demolition work, and the extent of the city's liability to Boccia.
 {¶ 16} The third assignment of error lacks merit.
 {¶ 17} By its fourth assignment of error, Parkhurst asserts it cannot be held liable without a determination of the amount owed by the city to Boccia, which cannot be done *Page 5 
without reviewing the contract between the city and Boccia. This merely restates issues raised and disposed of in relation to the first and third assignments of error.
 {¶ 18} The fourth assignment of error lacks merit.
 {¶ 19} By its fifth assignment of error, Parkhurst alleges the terms of any agreement between the city and Boccia could not be changed without Parkhurst's approval. Assuming, arguendo, this is true, we fail to appreciate the significance, as Parkhurst points to nothing in the record indicating any change in the terms of that contract.
 {¶ 20} The fifth assignment of error lacks merit.
 {¶ 21} The judgment of the Trumbull County Court of Common Pleas is affirmed.
 {¶ 22} It is the further order of this court that Parkhurst is assessed costs herein taxed. The court finds there were reasonable grounds for this appeal.
TIMOTHY P. CANNON, J., concurs,
 DIANE V. GRENDELL, P.J., concurs in judgment only. *Page 1